**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CAROL ROTHERMEL,<br>*Plaintiff*,<br><br>v.<br><br>SILO HILL CONDOMINIUM<br>ASSOCIATION, INC, *et al.*<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>) | 3:24-CV-00431 (SVN)<br><br><br><br><br><br>September 17, 2026 |

**RULING AND ORDER ON MOTIONS TO DISMISS AND MOTION TO AMEND COMPLAINT**

Sarala V. Nagala, United States District Judge.

*Pro se* Plaintiff Carol Rothermel's Second Amended Complaint ("SAC") alleges that Defendants, Silo Hill Condominium Association, Inc., Plaza Realty and Management Corporation, and several individuals, violated state and federal law in assessing condominium fees and pursuing a foreclosure action against her in Connecticut Superior Court. The SAC asserts claims for violations of federal criminal law, breach of contract, and several federal and state statutes. Plaintiff also seeks to amend the SAC to include allegations regarding a stolen parking space at Plaintiff's condominium.

Defendants argue that—as to the lion's share of Plaintiff's claims[1]—the SAC falls short of stating a claim upon which relief can be granted, and that Plaintiff should not be granted leave to further amend the SAC because the amendment would be futile and prejudicial. The Court agrees with Defendants that Plaintiff fails to state a claim as to Counts Three, Six, and Nine, which arise under federal law. Because the Court declines to exercise supplemental jurisdiction over Counts One, Two, Four, Five, Seven, and Eight, the Court dismisses those claims without prejudice to

[1] Silo Hill did not move to dismiss Counts One and Two, *see* ECF No. 81 at 1.

Plaintiff refiling in state court. Finally, the Court agrees that Plaintiff's proposed amendment to the complaint would be futile and prejudicial, and denies the motion for leave.

## I. FACTUAL BACKGROUND

### A. The SAC

Plaintiff owns a condominium unit located at 104 Silo Circle in Riverside, Connecticut (the "Property"), which is part of a condominium complex called Silo Hill. SAC, ECF No. 48, at 3.[2] According to the SAC, Defendant Silo Hill Condominium Association, Inc. ("Silo Hill") is a homeowner's association. *Id.* at 3. Defendant Plaza Realty and Management Corporation ("Plaza") is the property manager for Silo Hill. *Id.* Plaintiff also sues several individuals: Defendant Michael Lombardo, the principal of Plaza, *id.*; Defendant Walter Palma, the Property Manager, *id.* at 7; Defendant Michael DeMasi, the former president of Silo Hill, *id.* at 8; Defendant John Mastracchio Esq., Silo Hill's attorney, *id.*; and Defendant Ridgely Brown, Plaintiff's attorney in a foreclosure action related to the Property, *see id.* at 10.[3]

The Property is subject to Defendant Silo Hill Condominium Association's ("Silo Hill's") governing documents, which provide for common charges, fines, and other fees. *See* Complaint at 2–3, *Silo Hill Condominium, Inc. v. Rothermel, Carol J. et al.*, FST-CV20-6049510-S (Conn. Super. Ct. Dec. 8, 2020).[4] On March 24, 2021, a foreclosure judgment entered against Plaintiff in Connecticut Superior Court based on Plaintiff's failure to pay common charges and related fees. Judgment of Foreclosure by Sale, *id.* (Conn. Super. Ct. March 24, 2021), Dkt. No. 114.00.

---

[2] The SAC's paragraph numbering restarts at page six, and abandons numbering altogether at page seven. To avoid confusion, the Court cites to page numbers (rather than paragraphs) in the SAC.

[3] The SAC also references Robert Stafford, *id.* at 8, but the Court dismissed Defendant Stafford from this action on August 5, 2025. *See* ECF No. 74.

[4] Under Federal Rule of Evidence 201(b), the Court takes judicial notice of filings in the foreclosure action underlying the instant matter because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," *i.e.*, the Superior Court docket. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

Although a foreclosure by sale took place in early June of 2021, Plaintiff successfully moved to open the judgment in mid-June 2021, the judgment was deemed satisfied in February of 2022, and the Property's title remains with Plaintiff. *See* Mot. to Open and Vacate J., *id.*, (Conn. Super. Ct. June 15, 2021), Dkt. 119; Order, *id.*, (Conn. Super. Ct. June 17, 2021), Dkt. 119.01; Committee's Motion for Return of Funds, *id.*, (Conn. Super. Ct. June 17, 2021), Dkt. 125.00; Satisfaction of Judgment, *id.* (Conn. Super. Ct. February 25, 2022), Dkt. 128.00.

In this action, Plaintiff alleges that Silo Hill assessed fees against her in violation of the "Common Condominiums contract" between her and Silo Hill. ECF No. 48 at 3; *see also id.*, at 7 (stating Plaintiff paid "fictitious additional Common Charges"). Plaintiff alleges that Silo Hill breached the condominium governing documents and seeks damages and an "order enjoining defendants from charging late fees for overdue common charges and/or any related tax district charges if they are not paid by the homeowner." *Id.* at 4. Plaintiff brings additional claims against Silo Hill and a combination of other Defendants for breach of contract and common law fraud, and for violations of federal wiretap and mail fraud laws, the Connecticut Common Interest Ownership Act, the federal Fair Debt Collection Practices Act, the Connecticut Creditors' Collection Practices Act, the Connecticut Unfair Trade Practices Act, and the federal Real Estate Settlement Procedures Act. *See generally id.*

B. <u>Procedural History</u>

On August 15, 2024, the Court granted Defendants' motions for a more definite statement, requiring Plaintiff to file an amended complaint with individually numbered paragraphs, identifying which claims apply to which Defendants. Order, ECF No. 34. The Court flagged that it was "not clear which factual allegations support which counts" and that "some counts are not accompanied by any factual allegations." *Id.* Plaintiff filed an amended complaint, ECF No. 39, and Defendants moved to strike, ECF No. 42. The Court granted the motion to strike, explaining

that "it duplicates counts; does not set forth factual allegations concerning each count; does not identify which Defendants are implicated by each count; and does not have numbered paragraphs." Order, ECF No. 46. The Court offered Plaintiff "one additional opportunity" to amend the complaint, *id.*, which Plaintiff took, filing the SAC on November 27, 2024, ECF No. 48. Defendants moved to dismiss with prejudice pursuant to Rule 41(b), contending that Plaintiff had failed to comply with the Court's orders, which the Court denied on August 5, 2025. Order, ECF No. 73.

Defendants now move to dismiss all but the first two counts[5] of the SAC. *See* ECF No. 81 (Silo Hill, Plaza, Lombardo, Palma, and DeMasi); ECF No. 83 (Mastracchio); ECF No. 87 (Brown). Plaintiff filed a brief opposition to the motions to dismiss at ECF No. 62. And Plaintiff moves for leave to amend, seeking to add a claim related to her parking space being stolen. Pl.'s Mot. for Leave to Amend, ECF No. 107. A subset of Defendants oppose the motion for leave to amend. ECF No. 108 (Silo Hill, Plaza, Lombardo, Palma, and DeMasi); 109 (Mastracchio, joining Silo Hill's opposition).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted. When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

[5] The first two counts are only asserted against Silo Hill. *See* ECF No. 48, at 3–4. Silo Hill states that, depending on the Court's decision on the counts arising from federal law, it "reserve[s] the right to file a Motion to Dismiss pursuant to Rule 12(b)(1)." Silo Hill Mot. to Dismiss, ECF No. 81 at 18.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.* In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted).

The Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008), and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

These pleading standards apply to self-represented parties. It is true that courts are under an obligation to extend "special solicitude" to *pro se* litigants and ought to read their pleadings "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)) (internal quotation marks omitted). But at the same time, a *pro se* complaint must meet the basic pleading standards outlined above to survive a motion to dismiss. *Fowlkes*, 790 F.3d at 387 (citing *Twombly*, 550 U.S. at 570).

## III. DISCUSSION

As explained below, Plaintiff fails to state a claim as to Counts Three, Six, and Nine, which arise under federal law, and those Counts are dismissed without leave to amend. The Court declines to exercise supplemental jurisdiction over Counts One, Two, Four, Five, Seven, and Eight, and therefore dismisses those claims without prejudice to Plaintiff refiling in state court. Finally, because Plaintiff's proposed amendment to the complaint would be futile and prejudicial to Defendants, the Court denies the motion for leave to amend.

### A. Defendant Mastracchio

At the outset, because the litigation privilege applies to all of Plaintiff's claims as to Defendant Mastracchio, those claims are dismissed.

The Connecticut Supreme Court "has established a rule of 'absolute immunity,'" also referred to as the "litigation privilege," which "protects the statements or actions that any individual makes, in the context of a judicial proceeding, from giving rise to most types of tort claims." *Costello v. Wells Fargo Bank Nat'l Ass'n*, No. 16-CV-1706 (VAB), 2017 WL 3262157, at *14 (D. Conn. July 31, 2017), *aff'd*, 739 F. App'x 77 (2d Cir. 2018) (summary order). "The purpose of affording absolute immunity to those who provide information in connection with judicial and quasi-judicial proceedings is that in certain situations the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements." *Scholz v. Epstein*, 341 Conn. 1, 10 (2021) (citation omitted).

"Federal courts in Connecticut routinely apply the state's litigation privilege to claims that challenge representations made in underlying state court litigation." *Weldon v. MTAG Servs., LLC*, No. 3:16-CV-783 (JCH), 2017 WL 776648, at *10 (D. Conn. Feb. 28, 2017). The Connecticut Supreme Court distinguishes between claims challenging the "underlying purpose of the litigation

and claims challenging the attorney's role as an advocate for his or her client." *Scholz*, 341 Conn. at 13–14. The litigation privilege applies to claims "premised on factual allegations that challenge the defendant's participation in a properly brought judicial proceeding." *Id.* at 14.

An attorney is protected by the litigation privilege when "the plaintiff does not 'point to specific misconduct intended to cause specific injury outside the course of normal contemplation of private litigation.'" *Omotosho v. Freeman Inv. & Loan*, 136 F. Supp. 3d 235, 250 (D. Conn. 2016) (quoting *Simms v. Seaman*, 308 Conn. 523, 541 (2013)). The scope of the privilege extends to "preparatory communications" provided that "such preliminary meetings, conduct and activities are directed toward the achievement of the objects of the litigation or other proceedings." *Hopkins v. O'Connor*, 282 Conn. 821, 832 (2007) (quoting *Kelley v. Bonney*, 221 Conn. 549, 574 (1992)).

Each of the (minimal) facts pertaining to Defendant Mastracchio in the SAC concern his communications and conduct to seek and execute the foreclosure judgment. Specifically, the SAC's first mention of Mastracchio states that the U.S. Fair Debt Collections Practices Act is asserted against "Silo Hill Condominiums, Plaza Realty [and] all parties named above *and its attorney* John Mastracchio Esq.," and appears to assert that Mastracchio used the foreclosure proceeding as an unlawful means to collect a debt that did not exist. ECF No. 48 at 6 (emphasis added). Under Count Nine, the SAC alleges that "the Plaintiff paid with Certified funds the alleged and fictious additional Common Charges and was told by the Condominium Association attorney that it didn't matter as he was continuing with the sale" of the Property pursuant to the Court's order in the foreclosure action. *Id.* at 7; *see also id.* at 10 ("I was told that even though I paid before the sale, that Attorney Mastracchio was going to still move ahead with the sale!!"). Lastly, the SAC states that Mastracchio "was sending court notices not to my address that was listed in the Condominium Association Directory but to another address." *Id.* at 9; *see also id.* (describing

a letter "requesting payment in full amount of $ 4,366.68 which was inclusive of legal fees and other charges payable").

All of these alleged actions by Mastracchio are protected by the litigation privilege. To the extent Plaintiff is alleging that Mastracchio violated some duty to her by preparing to litigate and litigating the foreclosure action, Mastracchio is protected by the litigation privilege because Plaintiff "does not 'point to specific misconduct intended to cause specific injury outside the course of normal contemplation of private litigation.'" *Omotosho*, 136 F. Supp. 3d at 250. Mastracchio's communications to the Plaintiff regarding the foreclosure action, payment of the judgment, and service of court notices are all squarely within the normal course of such proceedings. And the Connecticut Supreme Court's observation that application of the litigation privilege is especially important "in foreclosure and marital dissolution actions in which emotions run high and there may be a strong motivation on the part of the losing party to file a retaliatory lawsuit" is directly relevant here. *Simms*, 308 Conn. at 568. Because the litigation privilege applies to the claims as asserted against Mastracchio, the Court dismisses the SAC's claims as to Mastracchio.[6]

B. <u>Criminal Statutes</u>

The SAC appears to include claims under several criminal statutes against all Defendants. *See* ECF No. 48 at 2 (citing 8 U.S.C. § 1325, "wire fraud statute," and "mail fraud statute"); *id.* at 8 (citing 18 U.S.C. §§ 241, 242). But "federal criminal statutes do not provide private causes of action." *Clark v. Santander Bank, N.A.*, No. 3:24-CV-55 (VAB), 2024 WL 5186862, at *6 (D. Conn. Dec. 20, 2024) (quoting *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009)) (collecting cases)). Although certain of these statutes are not noted under "Counts" identified the SAC,

[6] As noted below, the SAC's federal claims fail on the merits as well.

*compare* ECF No. 48 at 2, *with id.* at 3, with respect to at least some of the criminal statutes, the SAC states that "All Defendants are charged herein." *Id.* at 2. To the extent that Plaintiff invokes criminal statutes as standalone causes of action, the Court dismisses those claims.

C. Counts Three and Six: U.S. Fair Debt Collection Practices Act

Next, Because Silo Hill and Plaza are not debt collectors under the U.S. Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f et seq., Plaintiff's claims under the Third and Sixth Counts of the SAC fail.

The SAC alleges that Defendants Silo Hill, Plaza, and Mastracchio[7] violated the FDCPA. *See* ECF No. 48, at 4, 6. The FDCPA prohibits "debt collector[s]" from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. A threshold issue in plausibly alleging a claim under the FDCPA is whether the claim is asserted against a debt collector as defined by the statute. As relevant here, 15 U.S.C. § 1692a(6) defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another*." (Emphasis added.) The Supreme Court observed that "[e]veryone agrees that the term embraces the repo man—someone hired by a creditor to collect an outstanding debt." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 81 (2017). But it does not include persons who attempt to collect a debt owed to themselves. *See Wang v. Verizon Commc'ns Inc.*, No. 22-128, 2023 WL 309607, at *2 (2d Cir. Jan. 19, 2023) (summary order) ("'[Y]ou have to attempt to collect debts owed *another* before you can ever qualify as a debt collector' under the FDCPA.") (quoting *id.* at 87)).

The SAC alleges that Silo Hill sought only collection of charges due to it, so, Plaintiff fails to state a claim under the FDCPA against Silo Hill. *See Wang*, 2023 WL 309607, at *2 (finding

defendants were not debt collectors under the FDCPA because they were "creditors seeking to collect debts owed to them"); ECF No. 48, at 3 ("Silo Hill Condominiums assess unit owners monthly for common charges and tax district charges"); *id.* ("Silo Hill Condominiums has a late fee policy for delinquent common charges . . . ."); *id.* at 7 ("Plaintiff paid . . . Common Charges and was told by the Condominium Association attorney that it didn't matter as he was continuing with the [foreclosure] . . . .").

Similarly, Plaintiff does not state facts showing that Plaza is a third-party debt collection agent. The SAC states that Plaza is the property manager for Silo Hill, *id.*, at 3, 5, and that Plaza "is responsible for the day to day operations and management of the Silo Hill Condominiums," *id.*, at 7. The SAC also alleges that Robert Stafford (a now-deceased former Silo Hill Board Member) told Plaza "to manipulate the records to intentionally put [Plaintiff] in default to gain unlawful ownership of [the Property]," *id.* at 10, and that Plaza improperly invoiced Plaintiff for plumbing services completed at the Property, *id.*, at 11–12. But none of these allegations can support an inference that Plaza collected debts on behalf of another, let alone that it regularly did so. Taking the SAC's allegations as true, Silo Hill and Plaza are not debt collectors under the FDCPA.

In any event, Plaintiff has not alleged any conduct by Silo Hill, Plaza, or Mastracchio that rises to the level of "unfair or unconscionable means" to collect any debt. *See* 15 U.S.C. § 1692f. While the statute provides for liability if a debt collector attempts to collect amounts that are not authorized by agreement or permitted by law, *id.* § 1692f(1), Plaintiff provides only bald, conclusory allegations that these Defendants breached relevant agreements by assessing late fees against her. *See, e.g.*, ECF No. 48 at 3 ("Defendants have breached Common Condominium[']s contract related to late fees."). These allegations do not suffice to state a claim under the FDCPA.

Finally, any FDCPA claim is barred by the statute of limitations. Although Plaintiff does not allege any specific dates related to her FDCPA claim, the Court infers that the violation could not have occurred after February 25, 2022, when satisfaction of judgment was filed with the Superior Court. Claims brought under the FDCPA are subject to a one-year statute of limitations period beginning "from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019). As this action was not filed until March 22, 2024, any FDCPA claim premised on actions occurring before March 22, 2023, is time-barred. And Plaintiff alleges no facts suggesting that any alleged FDCPA violation occurred within a year of filing suit. Nor does she allege facts (or argue) that any equitable tolling doctrine should apply. *Rotkiske*, 589 U.S. at 15.

Because Plaintiff fails to state a FDCPA claim, Counts Three and Six are dismissed.

D. <u>Count Nine: Real Estate Settlement Procedures Act</u>

Plaintiff likewise fails to state a claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.

"RESPA, a consumer protection statute, regulates the real estate settlement process, and, along with its implementing regulations, provides a framework for borrowers to remedy errors relating to the servicing of their mortgage loans." *Naimoli v. Ocwen Loan Servicing, LLC*, 22 F.4th 376, 379 (2d Cir. 2022). Plaintiff alleges that Silo Hill's pursuit of the sale of the Property, even after Plaintiff paid common charges, violates RESPA. ECF No. 48 at 7. But RESPA applies to "federally related mortgage *loans*." 12 U.S.C. § 2602(1) (emphasis added); 12 C.F.R. § 1024.5 ("RESPA and this part apply to federally related mortgage loans"); *see also Flagg v. Yonkers Sav. & Loan Ass'n, FA,* 396 F.3d 178, 185 (2d Cir. 2005) ("By design, then, RESPA regulates a narrow field of financial transactions engaged in by a broad group of financial institutions . . . ."). The SAC makes no reference to any loan. And under Connecticut General Statutes § 47-258, a

condominium association has a statutory lien on each unit for sums due under the condominium declaration. A lien is not a loan. Therefore, Plaintiff fails to state a claim under RESPA.

E. Supplemental Jurisdiction

The remaining counts of Plaintiff's complaint all allege that Silo Hill violated state common law and statutes. *See* ECF No. 48 at 3 (Count One alleging breach of contract); *id.* at 4 (Count Two alleging violation of the Connecticut Common Interest Ownership Act); *id.* at 5–7 (Counts Four and Seven, alleging violations of the Connecticut Creditor's Collection Practices Act); *id.* at 7 (Count Eight, alleging violation of the Connecticut Unfair Trade Practices Act). Having dismissed the claims over which the Court had original jurisdiction, the Court must determine whether exercising supplemental jurisdiction over Plaintiff's state-law claims would promote values of judicial economy, convenience, fairness, and comity. *See* 28 U.S.C. § 1367(c)(3); *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 304–05 (2d Cir. 2003). In a "great many cases," the dismissal of all federal law claims results in the dismissal of state law claims over which the Court could exercise supplemental jurisdiction. *Catzin*, 899 F.3d at 83. But the Court must still analyze the relevant factors. *Id.* The Second Circuit has found that district courts abuse their discretion to exercise supplemental jurisdiction where "the federal claims have been dismissed at a relatively early stage and the remaining claims involved issues of state law that were unsettled." *Valencia ex rel. Franco*, 216 F.3d at 306; *see also Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

Here, although this matter has been pending for more than two years, it remains at an early phase of litigation. *Solomon v. Fordham Univ.*, No. 18 CIV. 4615 (ER), 2020 WL 7711697, at

*17 (S.D.N.Y. Dec. 29, 2020) ("When all federal claims have been dismissed before trial, as is the case here, these factors generally weigh in favor of the dismissal of state claims."). The Court stayed discovery pending adjudication of the motions to dismiss, and the parties have engaged only in preliminary motions practice concerning the pleadings. *See Klein*, 464 F.3d at 263, n.5 (affirming district court's decision to decline to exercise supplemental jurisdiction, where "[t]here had been no significant activity aside from the considerations of motions to dismiss"). Moreover, because the state law claims substantively differ from the federal law claims, it is not obviously inefficient for the court to decline jurisdiction. *See, e.g.*, *Avery v. DiFiore*, No. 18-CV-9150 (JMF), 2019 WL 3564570, at *5 (S.D.N.Y. Aug. 6, 2019) (exercising supplemental jurisdiction over state law claims that shared identical analysis to federal law claims, but declining to exercise supplemental jurisdiction over state law claims that were subject to a different legal analysis). The Court therefore cannot find that judicial economy, convenience, or fairness overwhelmingly counsel exercise of supplemental jurisdiction. *See Ward v. Amazon.com Servs., LLC*, No. 3:24-CV-1451 (VAB), 2026 WL 1453823, at *13 (D. Conn. May 22, 2026) (declining to exercise supplemental jurisdiction over state law claims after dismissing federal claims at summary judgment stage).

Further, the Court finds that at least one of the state law claims here turns on an unsettled question of state law—a factor that strongly counsels towards dismissal without prejudice. In the SAC, Plaintiff alleges that Silo Hill violated the Connecticut Creditor's Collection Practices Act ("CCPA") by assessing "unconscionable fees and intentional mischarges." ECF No. 48 at 4, 6–7, 9. The CCPA protects consumers against a creditor's "abusive, harassing, fraudulent, deceptive or misleading representation, device, or practice to collect or attempt to collect any debt." Conn. Gen. Stat. § 36a-646. The statute defines a creditor as "(A) any person to whom a debt is owed by

a consumer debtor and such debt results from a transaction occurring in the ordinary course of such person's business, or (B) any person to whom such debt is assigned." Conn. Gen. Stat. § 36a-645(2).

Silo Hill argues that there are insufficient allegations to infer that Silo Hill, as a condominium association, is a creditor and that Plaintiff is a consumer debtor under the statute, citing to a Connecticut Superior Court case in support of its position—*Woodcrest Condo. Ass'n v. Ruby*, No. CV106004962S, 2012 WL 432558, at *2 (Conn. Super. Ct. Jan. 19, 2012). But *Woodcrest*'s short analysis (which is not cited in other cases), hardly suggests that the question of the CCPA's applicability to condominium associations is settled law in Connecticut. And in other jurisdictions, appellate courts have come to the opposite conclusion with respect to substantively similar statutes. *See, e.g.*, *Kelly v. Duggan*, 282 So. 3d 969, 974 (Fla. Dist. Ct. App. 2019) ("When a home buyer must contractually agree to pay homeowners' or maintenance assessments as a prerequisite to purchase, that home buyer takes on 'debts' for those assessments under the [Florida Consumer Collections Practices Act]"). Because comity points towards leaving relatively new questions of the scope of Connecticut's consumer protection laws to Connecticut courts, the Court declines to exercise jurisdiction over Plaintiff's remaining state-law claims, and dismisses them without prejudice to refiling in state Court. *See Klein*, 464 F.3d at 263, n.5 (finding "[c]omity and fairness also favor dismissal, as it will procure for the parties 'a surer-footed reading of applicable law' with regard to the eight remaining state law claims") (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

F. <u>Motion to Amend</u>

Finally, the Court denies Plaintiff's motion for leave to amend to add a claim relating to her allegedly stolen parking space.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a plaintiff may amend the complaint with the Court's leave, if justice so requires. Leave to amend is properly denied in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of the amendment." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff proposes to amend her complaint to add a claim that "her parking space was stolen and sold to another party" with an adjacent condominium unit. ECF No. 107, at 1. Plaintiff did not supply the Court with a copy of her proposed amended complaint, so the Court is unable to properly assess the viability of amendment. *See* ECF No. 108 at 2 (collecting cases). But as the Court does not perceive a viable federal claim from her description of the new allegations, the proposed amendment does not disrupt the Court's analysis that no federal claims remain viable. Furthermore, because the Court already allowed the Plaintiff to amend the complaint twice, and emphasized on the last occasion that it was affording "one additional opportunity" for amendment, ECF No. 46, the Court finds that allowing for additional amendment would be prejudicial to Defendants, who have already addressed multiple iterations of the complaint. Accordingly, Plaintiff's motion for leave to amend is denied. Plaintiff remains free to allege her claim related to the parking spot if she refiles her state law claims in state court.

## IV. CONCLUSION

For the reasons described herein, Defendants' motions to dismiss, ECF Nos. 81, 83, and 87, are GRANTED without leave to amend as to Counts Three, Six, and Nine. Counts One, Two, Four, Five, Seven, and Eight are dismissed without prejudice to Plaintiff refiling in state court. Plaintiff's motion for leave to amend the complaint, ECF No. 107, is DENIED.

The Clerk is directed to enter judgment for Defendants and close this case.

**SO ORDERED** at Hartford, Connecticut, this 17th day of September, 2026.

*/s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE